| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| THOMAS AMILE REVIA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:15-CV-115 |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Thomas Amile Revia, a prisoner confined at the Bridgeport Correctional Center, proceeding *pro se,* filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends dismissing the petition as barred by the statute of limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. The petitioner filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes the objections are without merit.

Citing *McQuiggin v. Perkins*, __ U.S. __ , 133 S. Ct. 1924 (2013), the petitioner contends that he meets an equitable exception to the statute of limitations because he is actually innocent of the sex offender conditions of his release to mandatory supervision. Actual innocence, if proved,

excuses procedural bars to federal habeas review of constitutional claims. *Id*. at 1928. To pass through the actual innocence gateway, the petitioner must show that, in light of new, reliable evidence, no jury would have found him guilty beyond a reasonable doubt. *Id*. Because the standard is so difficult to meet, valid claims of actual innocence are rare. *Id*.

The petitioner contends that he was not convicted of a sex offense and, therefore, the Texas Board of Pardons and Paroles erroneously imposed conditions of release meant for sex offenders. These allegations do not meet the petitioner's burden of proving he is actually innocent of the offense, and they are not based on newly discovered evidence. Thus, the petitioner's failure to file his petition within the statute of limitations is not excused.

Additionally, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may

be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

The petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

## ORDER

Accordingly, the petitioner's objections (#16) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge (#14) is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation. A certificate of appealability will not be issued.

SIGNED at Plano, Texas, this 28th day of March, 2016.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE